**John W. Knottnerus**, OSB No. 892788
jknottnerus@mblglaw.com
**Michael A. Yoshida**, OSB No. 065631
myoshida@mblglaw.com
MB LAW GROUP, LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

*Attorneys for Defendants Tesla, Inc. and
Tesla Motors Canada ULC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| KENNETH ALLEN,<br><br>           Plaintiff,<br><br>v.<br><br>KAREN NAN PURSS; TESLA, INC., and TESLA MOTORS CANADA ULC,<br><br>           Defendants. | Case No. 3:22-cv-00009-IM<br><br>**DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO COMPEL RE: FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT PURSS** |

I, Michael A. Yoshida, declare under penalty of perjury that the foregoing is true and correct.

1. I am one of the attorneys representing defendants Tesla, Inc. and Tesla Motors Canada ULC (collectively "Tesla") in this matter. I have personal knowledge of and am competent to testify to the facts stated below. This Declaration is submitted in support of Tesla's Motion to Compel Re: First Set of Discovery Requests to Defendant Karen Nan Purss ("Defendant Purss").

Page 1 - DECLARATION OF COUNSEL IN SUPPORT OF MOTION
TO COMPEL RE: FIRST SET OF DISCOVERY REQUESTS
TO DEFENDANT PURSS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: (503) 914-2015
Fax: (503) 914-1725

2. This lawsuit involves a multi-vehicle crash that occurred on August 28, 2019, on Highway 26 east. At the time of the crash, Defendant Purss was driving a 2019 Tesla Model 3 Vehicle ("Tesla Vehicle").

3. On or about September 25, 2019, Defendant Purss' legal counsel, Glen McClendon, sent Tesla, Inc. a "Spoliation Notice" on behalf of Defendant Purss' motor vehicle insurer, Insurance Corporation of British Columbia ("ICBC"), which stated, among other things, that the Tesla Vehicle was secured in an appropriate storage area. Attached hereto as **Exhibit 1** is a true and correct copy of the Spoliation Notice.

4. Plaintiff filed the present lawsuit against Defendant Purss on July 13, 2021. Tesla was not initially sued. However, Plaintiff filed an Amended Complaint on or about December 3, 2021, to allege a product liability claim against Tesla. Plaintiff filed the first Amended Complaint shortly after Defendant Purss amended her affirmative defense to allege that the crash occurred due to a product defect with the Tesla Vehicle.

5. On or about January 4, 2022, Tesla removed this case to Oregon District Court. On February 21, 2022, I emailed Defendant Purss' counsel to request information regarding the location of the Tesla Vehicle in order to start the process of scheduling a joint vehicle inspection. I proposed scheduling the inspection in April or May 2022 based on the initial assumption that the Tesla Vehicle was being stored in Oregon.

6. On February 28, 2022, I sent a follow-up email to Defendant Purss' counsel to request information regarding the location of the Tesla Vehicle. Attached hereto as **Exhibit 2** is a true and correct copy of my February 21 and 28, 2022, emails.

Page 2 - DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO COMPEL RE: FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT PURSS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: (503) 914-2015
Fax: (503) 914-1725

7. On or about March 7, 2022, the parties, via counsel, participated in a telephonic Rule 26(f) conference to discuss discovery, case management, etc. I attended the conference on behalf of Tesla, Travis Mayor attended the conference on behalf of Plaintiff, and Glen McClendon attended the conference on behalf of Defendant Purss.

8. During the conference, I asked Defendant Purss' counsel for information regarding the location of the Tesla Vehicle. Defendant Purss' counsel stated that he understood that the Tesla Vehicle was being stored in Vancouver, B.C.

9. On March 10, 2022, the parties submitted a Joint Rule 26(f) Report, which contained various proposed case management deadlines.

10. On March 31, 2022, the Court held a Rule 16 Conference with all parties to discuss case management, including the various deadlines proposed by the parties in their Joint Rule 26(f) Report. During the Conference, Mr. Mayor (plaintiff's counsel) and I both reported to the Court that the Tesla Vehicle was being stored in Canada based on information provided by Defendant Purss. I specifically referenced Tesla's intent to inspect the Tesla Vehicle on the record during the conference. Specifically, when discussing the proposed fact discovery deadline, I reported to the Court that the parties would likely need more time than customary to complete fact discovery given the potential logistical issues/delays associated with coordinating an inspection in a foreign country. Attached hereto as **Exhibit 3** is a true and correct copy of selected portions of the hearing transcript.

11. On May 23, 2022, I emailed all parties to move forward with scheduling the vehicle inspection in Canada. I requested that Defendant Purss' counsel disclose the specific address of the Tesla Vehicle in Canada in order to determine whether the Tesla Vehicle could be inspected at

Page 3 -  DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO COMPEL RE: FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT PURSS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: (503) 914-2015
Fax: (503) 914-1725

the storage location or whether arrangements would need to be made to tow the vehicle to another location, like a local service center. Attached hereto as **Exhibit 4** is a true and correct copy of my email.

12. I did not receive a response to my May 23, 2022, email. Therefore, on June 12, 2021, our office served Defendant Purss with Tesla's First Request for Inspection and circulated a proposed Inspection Protocol for review/comment. I also proposed a set inspection date of August 25, 2022. Attached hereto as **Exhibit 5** is a true and correct copy of my June 12, 2022 email, along with both attachments (Request for Inspection and proposed Inspection Protocol).

13. On June 21, 2022, having not received a response, I sent another email to all parties to request that Defendant Purss' counsel disclose the specific location of the Tesla Vehicle in Canada. I also again requested confirmation as to whether August 25, 2022, would work for the inspection date.

14. On June 22, 2022, Defendant Purss' counsel responded by email as follows: "the Tesla vehicle involved in this accident was declared a total loss and sold for salvage some time ago. There is no vehicle to be inspected at this time." Attached hereto as **Exhibit 6** is a true and correct copy of my June 21 email and Mr. McClendon's June 22 response email.

15. On or about July 5, 2022, Tesla served Defendant Purss with Tesla's First Set of Interrogatories and Requests for Production in order to obtain information and documentation regarding two primary topics: (1) the sale/disposal of the vehicle; and (2) any inspections, evaluations, or testing performed by Defendants' insurer and/or representatives with respect to the vehicle before the vehicle was sold.

Page 4 - DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO COMPEL RE: FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT PURSS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: (503) 914-2015
Fax: (503) 914-1725

16. On July 14, 2022, the Court entered the parties' Stipulated Protective Order. Thereafter, on July 15, 2022, Tesla supplemented Tesla's Initial Disclosures to produce Tesla's confidential information and documents related to the Tesla Vehicle, including a data printout of internal crash data ("Carlog data") that was transmitted to Tesla following the crash. Attached hereto as **Exhibit 7** is a true and correct copy of Tesla's Supplemental Initial Disclosures.

17. On August 18, 2022, Defendant Purss responded to Tesla's First Set of Requests for Production and Interrogatories. Defendant Purss' Response disclosed that the Tesla Vehicle was stored by Defendant Purss' insurer, ICBC, at a Copart, Inc. ("Copart") facility located in Woodburn, Oregon, until the vehicle was sold for salvage on May 27, 2022. This was the first time that our office was notified that the Tesla Vehicle was stored in Oregon (as opposed to Canada) following the accident. Attached hereto as **Exhibit 8** is a true and correct copy of Defendant Purss' discovery responses.

18. Defendant Purss objected to Tesla's discovery requests seeking information and documents regarding the circumstances of the sale/disposal of the vehicle, citing the attorney-client privilege and work-product doctrine. Defendant Purss also objected to Tesla's requests for documents and information regarding whether her insurer or representatives inspected, evaluated, or tested the vehicle following the crash date. The discovery responses in dispute (Interrogatories **6 and 9-12**; Requests for Production **6-8 and 11-13**) have been highlighted in **Exhibit 8** for ease of review.

19. Defendant Purss produced a small number of documents with her discovery responses, including a "Confirmation of Seller Hold" (PURSS 0358) document, which indicates that ICBC placed a "seller hold" on the vehicle on September 12, 2019, in order to ensure that the

Page 5 -   DECLARATION OF COUNSEL IN SUPPORT OF MOTION
TO COMPEL RE: FIRST SET OF DISCOVERY REQUESTS
TO DEFENDANT PURSS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: (503) 914-2015
Fax: (503) 914-1725

vehicle was not sold. Defendant Purss also produced a heavily redacted email (e.g., no date, no sender, no recipient, etc.) (PURSS 0357), which apparently relates to the release/sale of the vehicle. Attached hereto as **Exhibit 9** is a true and correct copy of the Confirmation of Seller Hold and the redacted email.

20. On August 25, 2022, I wrote Defendant Purss' counsel to seek clarification regarding (a) whether Defendant Purss' insurer or representatives inspected the Tesla Vehicle before it was sold for salvage; and (b) whether Defendant Purss withheld inspection-related documents when responding to Tesla's discovery requests. Attached hereto as **Exhibit 10** is a true and correct copy of my August 25, 2022, letter.

21. On August 30, 2022, our office issued a subpoena duces tecum to Copart, Inc., in order to obtain documents related to Copart's storage, possession, and sale of the Tesla Vehicle. This included a request that Copart produce any correspondence with ICBC or other representatives of Defendant Purrs regarding the circumstances of the sale/disposal of the vehicle.

22. On August 31, 2022, Defendant Purss responded to Tesla's letter but did not address whether the vehicle was ever inspected. Therefore, on September 7 and September 21, 2022, I sent follow-up letters seeking clarification regarding: "1. Did your client and/or her representatives inspect, test, or evaluate the Subject Vehicle after the accident?" and "2. Does your client and/or her representatives have inspection-related documents or factual data (e.g., data from EDR, SD card, etc.) that are being withheld from production?" Attached hereto as **Exhibit 11** is a true and correct copy of the letters exchanged between August 31, 2022, and September 21, 2022.

Page 6 - DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO COMPEL RE: FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT PURSS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: (503) 914-2015
Fax: (503) 914-1725

23.     On September 23, 2022, Defendant Purss produced a Privilege Log.  The Privilege Log indicates that Defendant Purss' expert, Mark Erickson, inspected the Tesla Vehicle in September 2019 and that he downloaded crash data from the vehicle's Event Data Recorder (EDR).  Attached hereto as **Exhibit 12** is a true and correct copy of the Privilege Log.

24.     On September 28, 2022, Copart responded to Tesla's subpoena by producing certain documents, including redacted Copart "lot notes."  The lot notes indicate that on May 3, 2022, an unidentified ICBC adjuster (name redacted) requested that Copart release the "seller hold" on the vehicle via email.  The notes indicate that the vehicle was thereafter sold at auction on May 27, 2022.

25.     However, the Copart documents indicate that the May 27, 2022, sale did not move forward.  Rather, the notes indicate that on June 13, 2022, the sale was cancelled when the purchaser "determined that internal parts (motherboard) had been removed from the vehicle…during storage."  The documents indicate that the vehicle was thereafter sold on July 18, 2022, and that the vehicle remained at the Copart lot until August 4, 2022, when the vehicle was picked up by the purchaser, a Canadian company.   Attached hereto as **Exhibit 13** is a true and correct copy of selected portions of the "lot notes."

26.     Copart redacted many of the documents and lot notes prior to production.  As such, the notes do not include the names, title, or contact information of the ICBC representative(s) involved in the release/sale of the vehicle.  Notably, the notes also indicate that Copart exchanged multiple emails with ICBC representative(s) (names redacted) in May 2022 regarding the release of the "seller hold" and sale of the Tesla Vehicle.  Those emails were not produced despite being responsive to Tesla's subpoena.

Page 7 -  DECLARATION OF COUNSEL IN SUPPORT OF MOTION
         TO COMPEL RE: FIRST SET OF DISCOVERY REQUESTS
         TO DEFENDANT PURSS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: (503) 914-2015
Fax: (503) 914-1725

27.     As described in Paragraph 19 of this Declaration, Defendant Purss produced a heavily redacted email as PURSS0357 (**Exhibit 9**, p. 2) that apparently relates to the release/sale of the Tesla Vehicle.  Given the redactions (e.g., no date, no sender/recipient info), it is unclear whether PURSS0357 is one of the emails identified in the Copart lot notes.

28.     Counsel for Tesla and Defendant Purss have made multiple good faith attempts to resolve the issues in dispute via conferrals.  In addition to the written correspondence attached as Exhibits 10-11, the parties also participated in a telephonic meet/confer conference and exchanged additional written correspondence last week.  The parties were unable to resolve the issues in dispute despite good faith efforts.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

DATED:  October 31, 2022.

> s/ Michael A. Yoshida
> Michael A. Yoshida, OSB No. 065631

Page 8 - DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO COMPEL RE: FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT PURSS

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: (503) 914-2015
Fax: (503) 914-1725