IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KENNETH ALLEN**, | Case No. 3:22-CV-00009-IM |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **KAREN NAN PURSS; TESLA, INC.,** and **TESLA MOTORS CANADA ULC**, | |
| Defendants. | |

Liz Walling and Travis J. Mayor, Mayor Law, LLC, 7157 SW Beveland St., Suite 100, Tigard, OR 97223. Attorneys for Plaintiff.

Glen P. McClendon, Lindsay Hart LLP, 1300 SW Fifth Avenue, Suite 3400, Portland, OR 97201. Attorney for Defendant Purss. John W. Kottnerus and Michael A. Yoshida, MB Law Group, LLP, 117 SW Taylor Street, Suite 200, Portland, OR 97204. Attorneys for Tesla Defendants.

**IMMERGUT, District Judge.**

This matter comes before this Court on Defendants Tesla, Inc. and Tesla Motors Canada ULC's (collectively, "Tesla Defendants") and Plaintiff Kenneth Allen's ("Plaintiff") Motions to Compel. ECF 12; ECF 15. The motions concern Defendant Karen Nan Purss's failure to preserve or provide critical evidence—namely, the Tesla vehicle involved in the underlying motor vehicle accident—and failure to provide information obtained from that vehicle before it was discarded.

PAGE 1 – OPINION AND ORDER

ECF 12 at 1. Tesla Defendants move for an order compelling Defendant Purss to produce (1) documents and information obtained from the vehicle before it was discarded because Tesla Defendants are no longer able to obtain substantially equivalent information and (2) documents and information concerning the disposal and failure to preserve the vehicle because that information is relevant to potential spoliation of evidence. ECF 12 at 2–3. Plaintiff filed a separate motion, ECF 15, joining Tesla Defendants' motion. Plaintiff argues that he also has a substantial need for the documents and information at issue because they bear directly on liability and causation of the underlying collision. *Id.* at 2. For the reasons set forth below, the motions are GRANTED in part and DENIED in part.

## BACKGROUND

On August 28, 2019, Defendant Purss drove her 2019 Tesla Model 3 into the back of several cars ahead of her, including a vehicle driven by Plaintiff. ECF 12 at 1–2. On July 13, 2021, Plaintiff filed a complaint in Multnomah County Circuit Court for ordinary and gross negligence against Defendant Purss. ECF 1-3 at 3–4. Defendant Purss answered, alleging as an affirmative defense that the collision was caused by an unexpected malfunction of her Tesla vehicle; she alleges the vehicle "switched into automatic drive mode," causing it to operate without her input.[1] *Id.* at 12, 37. On December 3, 2021, Plaintiff amended her complaint to add Tesla Defendants, ECF 1-2, and on January 4, 2022, Tesla Defendants removed this case to federal court, ECF 1.

Less than a month after the collision and before this lawsuit was filed, Defendant Purss sent Tesla a Spoliation Notice demanding that they preserve all evidence related to Defendant

---

[1] Defendant Purss first answered on August 24, 2021, but filed an amended answer following Plaintiff's motion to dismiss Defendant Purss's affirmative defense for failing to state facts sufficient to constitute a claim. *See* ECF 1-3 at 12–38.

PAGE 2 – OPINION AND ORDER

Purss's Tesla vehicle pending a resolution of any claims arising out of the accident. ECF 12 at 3; ECF 13-1. Defendant Purss also stated that they had "secured the vehicle in an appropriate storage area." *Id.* at 2. Tesla Defendants, after being named in the lawsuit in February 2022, sent multiple requests to Defendant Purss to schedule a joint vehicle inspection to which they received no response. ECF 12 at 4. At the parties' March 7, 2022 Rule 26(f) conference, Defendant Purss stated that the vehicle was being stored in Vancouver, British Columbia. *Id.* A few weeks later, at the parties' Rule 16 conference, Tesla Defendants stated their intent to inspect the vehicle. *Id.* In May 2022, Tesla Defendants again requested to inspect the vehicle and received no response. *Id.* On June 12, 2022, Tesla Defendants served Defendant Purss with a formal Request for Inspection under Rule 34 and, again, received no response. *Id.* On June 21, 2022, Tesla Defendants contacted Defendant Purss again regarding scheduling a vehicle inspection. *Id.* On June 22, 2022, Defendant Purss responded, stating that the vehicle had been disposed of. *Id.*

On July 5, 2022 Tesla Defendants served Defendant Purss with a First Set of Discovery Requests to obtain information and documents regarding the inspection and disposal of the vehicle. *Id.* On August 18, 2022, Defendant Purss responded, disclosing that Defendant Purss's insurer, Insurance Company of British Columbia ("ICBC"), had stored the vehicle at a Copart lot in Oregon before it was sold on May 27, 2022. *Id.* at 4–5. Defendant Purss produced a heavily redacted email related to the sale of the vehicle. *Id.* Tesla Defendants then issued a subpoena to Copart, *id.* at 5, and contacted Defendant Purss multiple times to clarify whether the vehicle had been inspected prior to its disposal and whether inspection-related documents were being withheld, *id.* On September 23, 2022, Defendant Purss produced a privilege log indicating that she had retained an expert, Mark Erickson, to inspect the vehicle before its disposal. *Id.* The log

PAGE 3 – OPINION AND ORDER

indicated that Mr. Erickson had inspected the vehicle three years prior in September 2019 and downloaded crash data from the vehicle's event data recorder (EDR). *Id.* Shortly thereafter, Copart produced documents in response to the subpoena which indicated that on May 3, 2022, an ICBC adjuster requested that Copart release the "seller hold" on the vehicle, and the vehicle was sold on May 27, 2022. *Id.* However, the sale was cancelled because the purchaser determined that the vehicle's internal parts ("motherboard") had been removed. The vehicle was ultimately sold to a Canadian purchaser on July 18, 2022 and removed from the lot. *Id.*

Tesla Defendants contend that, while the inspection photographs and investigative report identified in Defendant Purss's privilege log would normally be entitled to work-product protection under Rule 26(b)(3), these documents are discoverable because Tesla Defendants have a substantial need for the materials and cannot, without undue hardship, obtain their substantial equivalent by other means. *Id.* at 5–6. Tesla Defendants further contend that Defendant Purss is improperly withholding the EDR data file and report because this information is not covered by the work-product protection. *Id.* at 6–7. They also ask this Court to order Defendant Purss to disclose the details of the inspection. *Id.* at 7–8. Finally, Tesla Defendants contend that they are entitled to information regarding the storage, sale, and release of the vehicle to evaluate potential evidence spoliation. *Id.* at 8–10. Defendant Purss responds that Tesla Defendants' Motion to Compel is moot because Defendant Purss intends to file an amended answer removing the affirmative defense implicating Tesla. ECF 14 at 1.

On November 30, 2022, Plaintiff filed a separate Motion to Compel, ECF 15, stating that they seek to join Tesla Defendants' motion. Plaintiff contends that he also has a substantial need for the documents at issue because they bear directly on causation of the crash and therefore, Defendant Purss's liability. *Id.* at 2. Defendant Purss again responds that she will be withdrawing

PAGE 4 – OPINION AND ORDER

her affirmative defense implicating Tesla. ECF 16 at 1. She also argues that the material sought is protected by the work product doctrine and there is no authority for Plaintiff to join Tesla Defendants' motion. *Id.* at 2.

## STANDARDS

Under Federal Rule of Civil Procedure 26(b)(1), parties may discover any unprivileged information relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Pre-trial discovery is "accorded a broad and liberal treatment." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (internal quotation marks omitted) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). When a party objects to a discovery request, "a 'privilege log' or description of the claims of privilege or work product required by Rule 26(b)(5) must be provided within a reasonable time after service of timely objections to a discovery request." LR 26-5(b).

## DISCUSSION

**A.  Documents and Information Regarding the Vehicle Inspection**

Tesla Defendants ask this Court to compel Defendant Purss to produce three categories of information regarding the September 2019 inspection of the Tesla vehicle: (1) photographs taken and an investigative report prepared by Defendant Purss's expert, Mr. Erickson; (2) the EDR data file and corresponding report; and (3) factual details of the inspections, evaluations, or testing performed on the vehicle by Defendant Purss.

**1.  Photographs and Investigative Report**

Tesla Defendants presume that the photographs and investigative report constitute attorney work-product. ECF 12 at 5. Thus, according to Tesla Defendants, the only question before this Court is whether the materials are discoverable notwithstanding their protection under

PAGE 5 – OPINION AND ORDER

the work-product doctrine. However, this Court notes that the work product protection might not apply at all if Mr. Erickson is an expert retained for trial.

### a. Investigative Report

The work product doctrine is found in Rule 26(b)(3) and instructs that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . . ." Fed. R. Civ. P. 26 (b)(3)(A). But Rule 26(b)(3) does not govern the discoverability of materials generated by experts. *See* Advisory Committee's Note re 1970 Amendment to Rule 26, reported at 48 F.R.D. 487, 504–505 ("These new provisions of [Rule 26](b)(4) . . . reject as ill-considered the decisions which have sought to bring expert information within the work-product doctrine."); *see also Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 116 F.R.D. 533, 536 (N.D. Cal. 1987), *abrogated on other grounds by Advanced Cardiovascular Sys., Inc. v. C.R. Bard, Inc.*, 144 F.R.D. 372 (N.D. Cal. 1992) ("It is quite clear that Rule 26 does not include within the definition of 'work product' documents generated or consulted by experts retained in connection with litigation."). Instead, the discoverability of expert materials is governed by Rule 26(b)(4).

In general, a party must disclose the identity of any person who may testify at trial as an expert—in addition, this disclosure must be accompanied by a written report if the witness was retained or specially employed to provide expert testimony in a case. Fed. R. Civ. P. 26(a)(2). But under Rule 26(b)(4), a party need not disclose the facts known or opinions held by a retained or specially employed expert if that expert is not expected to be called as a witness at trial unless there are "exceptional circumstances under which it is impracticable for the party to obtain facts

or opinions on the same subject by other means." *Id.* at 26(b)(4)(D)(ii).[2] Rule 26(b)(4) is concerned only with experts "retained or specially consulted in relation to trial preparation" who are expected to testify at trial—it precludes discovery against experts who were "informally consulted, but not retained or specially employed." Advisory Committee's Note re 1970 Amendment to Rule 26.

Thus, the discoverability of Mr. Erickson's report depends on whether Mr. Erickson was retained or specially employed to provide expert testimony or was only informally consulted. If Mr. Erickson was retained or specially employed for trial and is expected to testify at trial, his report is discoverable. If Mr. Erickson was merely consulted by Defendant Purss but is not expected to provide expert testimony, his report is not discoverable.[3] Defendant Purss is ORDERED to provide information to Tesla Defendants, Plaintiff, and this Court about the nature of Mr. Erickson's involvement in this case—including whether he was retained or specially employed in anticipation of litigation or to prepare for trial and whether he is expected to be called as a witness at trial—by December 22, 2022. Accordingly, the motions to compel are DENIED as to Mr. Erickson's report until further information is provided regarding Mr. Erickson's role as an expert.

---

[2] The Rule also precludes discovery of *drafts* of reports that would otherwise be discoverable. Fed. R. Civ. P. 26(b)(4)(B).

[3] The moving parties may contend that Rule 26(b)(4)(D)(ii) entitles them to Mr. Erickson's report even if Mr. Erickson is not expected to be called as a witness at trial because it would be impracticable for them to obtain facts or opinions on the same subject by other means. However, as addressed below, this Court is ordering Defendant Purss to produce all objective evidence related to the storage, inspection, and disposal of the Tesla vehicle in question. Accordingly, the moving parties will be able to obtain facts and opinions about the condition of the vehicle by other means, making the disclosure of Mr. Erickson's report unnecessary.

PAGE 7 – OPINION AND ORDER

### b. Photographs

Tesla Defendants concede that photographs taken by Mr. Erickson are entitled to work-product protection under Rule 26(b)(3), which generally precludes discovery of materials prepared in anticipation of litigation. ECF 12 at 5. However, the work-product protection is not unlimited—"[it] is not a privilege but a qualified immunity . . . ." *Admiral Ins. Co. v. U.S. Dist. Ct. for Dist. of Arizona*, 881 F.2d 1486, 1494 (9th Cir. 1989). Materials prepared in anticipation of litigation or for trial may be compelled if they are otherwise discoverable and the party seeking the materials "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26 (b)(3)(A). In determining whether a party has a substantial need for the documents at issue, courts should consider the importance of the materials sought to the party seeking them in preparation of their case, the difficulty the party will have in obtaining them by other means, and the likelihood that the party, even if able to obtain the information by other means, will not have the substantial equivalent of the documents sought. Advisory Committee's Note re 1970 Amendment to Rule 26.

Even presuming the photographs taken by Mr. Erickson of the Tesla vehicle constitute attorney work-product, the photographs are nonetheless discoverable. Tesla Defendants have shown a substantial need for the photographs: the condition of the vehicle is central to their ability to defend against Plaintiff's claims, and they cannot obtain the photographs, or their substantial equivalent, by any other means because the vehicle has been disposed of. The photographs are also critical to Plaintiff's case—the condition of the vehicle is relevant to the cause of the collision and, therefore, to all Defendants' liability. Because Defendant Purss already has the photographs of the Tesla vehicle in her possession and the moving parties have demonstrated a substantial need for the photographs, Defendant Purss is ORDERED to produce

PAGE 8 – OPINION AND ORDER

the photographs by December 30, 2022. Accordingly, the motions to compel are GRANTED as to the photographs.

### 2. EDR Data File and Report

Second, Tesla Defendants contend that they are entitled to the EDR data file and report. ECF 12 at 6. They explain that the EDR is a device installed in a vehicle which "records specific technical vehicle and occupant information for a brief period of time before, during, and after a crash." *Id.* The data includes "'driver input' data that is critical to accident reconstruction, such as data related to the manual operation of the steering wheel and use of the accelerator and brake pedals." *Id.* The EDR data file can be retrieved from the vehicle and converted to a PDF report using Tesla's publicly available online tool. *Id.* at 6–7.

Tesla Defendants argue that the EDR file and report do not constitute attorney work-product and are discoverable because the materials do not reveal an attorney's mental impressions, strategies, conclusions, or lines of proof. *Id.* at 7. They further argue that the purpose of the attorney work-product protection is not to shield factual information from discovery. *Id.* This Court agrees. Defendant Purss may not keep objective and critical data from the other parties in this case simply because she was the first party to obtain it. As with the photographs, the EDR materials also bear directly on liability and causation of the underlying collision, and therefore, Plaintiff is likewise entitled to the information. Accordingly, Defendant Purss is ORDERED to produce the EDR data file and corresponding report by December 30, 2022, and the motions to compel are GRANTED as to the EDR materials.

### 3. Factual Details of Inspections, Evaluation, or Testing

Third, Tesla Defendants contend that they are entitled to the factual details of all inspections, evaluation, or testing performed by Defendant Purss, including inspection dates, who was present, details of the inspections, and results of any testing. *Id.* at 7. They argue that

PAGE 9 – OPINION AND ORDER

they have a substantial need for this information, especially because the documents provided by Copart indicate that the motherboard of the vehicle had been removed. *Id.* at 7–8.

This Court agrees that both moving parties are entitled to this information. This Court finds this information most relevant to the moving parties' evaluation of potential evidence spoliation, addressed further below. Accordingly, Defendant Purss is ORDERED to produce factual details of all inspections, evaluation, or testing performed by Defendant Purss by December 30, 2022. The motions to compel are GRANTED as to this information.

**B.  Documents and Information Regarding the Storage, Sale, and Release of the Vehicle**

Tesla Defendants also ask this Court to compel Defendant Purss to produce factual information regarding the disposal of the Tesla vehicle in order to evaluate potential evidence spoliation. *Id.* at 8. Specifically, Tesla Defendants ask this Court to require Defendant Purss to "(1) explain, with specificity, the factual circumstances in which the vehicle was sold/released; and (2) produce unredacted copies of the emails/correspondence related to the release/sale." *Id.* at 9.

A party engages in willful spoliation when the party destroys evidence and has "some notice" that the evidence was "potentially relevant" to the litigation. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)). The information before this Court suggests that Defendant Purss was on notice that the Tesla vehicle was highly relevant to this litigation when Defendant Purss's insurer, ICBC, requested that the vehicle be sold. The parties are not yet asking this Court to determine whether Defendant Purss has engaged in evidence spoliation. But this Court does find that the moving parties are entitled to information and documents regarding the storage, sale, and release of the Tesla vehicle in order to evaluate whether to bring a spoliation claim and move for sanctions against Defendant Purss. This Court reminds the moving parties that, while they are

PAGE 10 – OPINION AND ORDER

entitled to factual information and documents that are not covered by the attorney-client privilege, they are not entitled to the disclosure of confidential communications covered by the privilege even if related to evidence spoliation. But if Defendant Purss withholds documents relevant to spoliation, she must prepare a privilege log. Accordingly, Defendant Purss is ORDERED to produce factual information and non-privileged documents related to the storage, sale, and release of the vehicle, as well as any additional information that might bear on evidence spoliation by December 30, 2022. The motions to compel are GRANTED as to this information.

### C. Defendant Purss's Stipulation to Withdraw Affirmative Defense

Defendant Purss argues that Tesla Defendants' Motion to Compel is moot because she is stipulating to the filing of an amended answer that alleges no affirmative defenses. ECF 14 at 1. Defendant Purss also asks this Court to deny Plaintiff's Motion to Compel, reiterating her intention to withdraw her affirmative defense. ECF 16 at 1. She also argues that Plaintiff has cited no authority to join Tesla Defendants' motion.[4] *Id.*

At the outset, this Court notes that Defendant Purss has not filed an amended answer. Moreover, even presuming Defendant Purss will withdraw her affirmative defense, the information requested by the moving parties is nonetheless relevant to both Tesla Defendants and Plaintiff because it bears directly on the cause of the vehicle collision and thus Defendant Purss's negligence and ultimate liability. Therefore, whether Defendant Purss withdraws her affirmative defense does not affect this Court's rulings on the motions before it. In addition, Defendant Purss has not offered any legal authority to object to Plaintiff's ability to join Tesla

---

[4] Defendant Purss also argues that she should not be required to produce "clearly attorney-client privileged work product" or to "admit liability." ECF 16 at 1. The application of the attorney work-product doctrine to the requested information is addressed above. This Court also notes that the production of objective, factual information does not amount to an admission of liability.

PAGE 11 – OPINION AND ORDER

Defendants' arguments, and this Court finds that the interest of resolving this dispute expeditiously counsels in favor of ruling on both motions concurrently.

## CONCLUSION

For the reasons stated above, Tesla Defendants' and Plaintiff's Motions to Compel, ECF 12, ECF 15, are GRANTED in part and DENIED in part.

**IT IS SO ORDERED**.

DATED this 16th day of December, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge